# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JAMES SOSSAMAN**                                                                     **PLAINTIFF**


**V.**                                                        **CIVIL ACTION NO. 1:06CV572 LTS-RHW**


**TERRY MOSS and**
**ALLSTATE INSURANCE COMPANY**                                        **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion of Plaintiff James Sossaman (Sossaman) to remand. For the reasons set out below, this motion will be granted.

This is an action for property damage sustained during Hurricane Katrina. Sossaman is an insured under a homeowners insurance policy issued by Defendant Allstate Insurance Company (Allstate). Sossaman, who is deaf, apparently purchased this policy using his son, Jeffrey Sossaman, as an interpreter. (Affidavit of Jeffrey Sossaman) The policy was purchased through Allstate's local agent, Defendant Terry Moss (Moss).

The complaint alleges that Sossaman maintained flood insurance coverage on the property in question, his residence, for many years. This flood insurance coverage was paid through the plaintiff's mortgage company. Plaintiff alleges that approximately six years ago, Jeffery Sossaman asked Defendant Moss whether his parents should continue to have flood insurance on their residence. According to Jeffrey Sossaman and according to the allegations of the complaint, Moss advised the Sossamans that they "were just throwing their money away." (Affidavit of Jeffrey Sossaman; Complaint Paragraph Four) This account of the relevant events is sharply disputed by Moss and Allstate. (Affidavit of Moss).

Allstate has removed this action on grounds of diversity of citizenship, alleging that Sossaman has fraudulently joined Moss in order to defeat diversity jurisdiction. This is an issue on which Allstate has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and

must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

<u>Allegations of the Complaint</u>

Sossaman has alleged that his representative (Jeffrey Sossaman) called Moss's office and asked Moss whether Sossaman should continue to maintain flood insurance on his residence. Moss is alleged to have responded with words indicating that the Sossamans should not maintain this coverage. Sossaman alleges that his decision to discontinue flood coverage was made in reliance on the advice given by Moss. Sossaman has alleged both fraud and negligent misrepresentation. Again, Moss has directly contradicted this version of the events in question.

<u>Standard of Care Applicable to Insurance Agents</u>

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

<u>Negligent Misrepresentation Under Mississippi Law</u>

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1.   That there was a misrepresentation (or omission) of a fact;
2.   That the misrepresentation (or omission) was material or significant;
3.   That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4.   That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and

5.    That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit one of Sossaman's theories of recovery against Moss.

Of course, the truth of Sossaman's allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Sossaman's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Sossaman's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Moss and Allstate have failed to establish that Sossaman has no viable legal theory upon which he may proceed against Moss under Sossaman's version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge